Mi'. Justice Johnson
delivered the opinion of the court:
1st. As to the non suit.
Whether the allegation, that the plaintiff is the assignee of Millar, is intended asa descriptio persome, or of the right in which he sued, there is no doubt about the truth of the fact, and I have never heard that the statement of a fact founded in truth could viciate a record, although it is some times useless, and in such a case it is considered as. mere surplusage.
The 2nd ground is also unavailing. The act, it is true, directs that the assignment shall be made to the plaintiff, and this assignment is made in conformity to it, bút it is objected that it is vieiated by the addition of Miller’s “ other creditors.” It is not necessary to enter into the consideration of the effect of an assignment to other persons than the plaintiff: it is sufficient for the purposes of this case, that this is in effect an assignment to the plaintiff alone, the addition of “ other creditors” being void for its uncertainty. The principle is, I think, - settled by this court in the case of Duncan vs. Beard, (2 Nott & McCord, 400,) where it was held that a grant to Livingston and his associates, was good as to him, but void as to his associates for its uncertainty.
As to a new trial.
1st. There can be no doubt about the competency of Miller to prove his book entries. He may do so as a merchant, in a case to which he is a party, and it follows as a necessary consequence that he may do so in any case in which it becomes necessary to prove them.
■ 2nd. When a creditor has several demands against the same debtor, it is the right of the debtor to direct-the application of his payments to which he pleases, and their destination cannot be changed but with his consent. And upon a superficial view of the facts in this case, it would seem that the defendants wages ought to have been passed to the credit of the note on which this action was brought, hut on a more attentive consideration, I think a different result will follow.
Johnson Sy McDowell, for the motion.
Gregg 8y Hunter, contra.
The wages were not due when the agreement was made, and were only anticipated ; so that in fact, no payment was made. Board, clothing, and other necessaries might, under some circumstances, have constituted a precedent ' charge on this fund, and from the very nature of it, the net profits was all that could have been contemplated. So if the defendant had requested payment of a part of the accruing wages to answer other purposes, although this would not have been a direct recision of the contract to apply it to the note, it is necessarily so in effect. And when,'as in this case, he was drawing daily on Miller for small sums, it may fairly be presumed that it was in reference to and on the credit of this fund, and implies his assent to that appropriation of it.
This view of the subject is aided by the consideration, that this debt was justly due to Miller either on the note or account, and the efiect of granting the motion would only be to turn the plaintiff round to the commencement of a second action.
The motion is refused.
Justices Coicoek, Nott, Huger and Gantt, concurred.